IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JANET M. KRAUSE,** | : | CIVIL ACTION NO. 1:11-CV-1080 |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **PENNSYLVANIA DEPARTMENT OF MILITARY AND VETERANS AFFAIRS,** | : | |
| Defendant | : | |

## **MEMORANDUM**

This is a § 1983 civil rights action filed by plaintiff Janet M. Krause ("Krause") alleging that defendant, the Pennsylvania Department of Military and Veterans Affairs, violated her due process rights under the Fifth and Fourteenth Amendments of the United States Constitution. Presently before the court is a motion (Doc. 3) to dismiss the complaint (Doc. 1) pursuant to Rule (12)(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons that follow, the court will grant the motion.

**I.    Background**[1]

The Pennsylvania Department of Military and Veterans Affairs oversees the Pennsylvania National Guard. Krause served in the Pennsylvania Army National

---

[1] In accordance with the standard of review for a motion to dismiss pursuant to Rule 12(b)(6), the court will present the facts as alleged in the complaint. See infra Part II. However, those portions of the complaint which consist of no more than legal conclusions or a formulaic recitation of the elements of a cause of action have been disregarded. Ashcroft v. Iqbal, --- U.S. ---, 129 S. Ct. 1937, 1949 (2009); Santiago v. Warminster Twp., 629 F.3d 121, 130-31 (3d Cir. 2010).

Guard for twenty-eight years. (Doc. 1 ¶ 5). Krause maintained an exemplary service record. (Id. ¶ 11).

In January 2010, a duly constituted Qualitative Retention Board ("QRB") of the Pennsylvania Army National Guard recommended Krause for retention.[2] (Id. ¶¶ 5, 6). Shortly thereafter, the Pennsylvania Army National Guard dissolved the QRB because of an "alleged procedural deficiency." (Id. ¶ 7).

In February 2010, the Pennsylvania Army National Guard established a new QRB. (Id. ¶ 7). The second QRB recommended not retaining Krause despite ranking her fourteenth on a list of thirty-nine soldiers on the "E6 promotion list." (Id. ¶¶ 8, 9). This resulted in Krause's discharge from the Pennsylvania Army National Guard.

On June 3, 2011, Krause filed suit against the Pennsylvania Department of Military and Veteran Affairs in the United States District Court for the Middle District of Pennsylvania. (Doc. 1). In the complaint, Krause alleges that the Pennsylvania Department of Military and Veteran Affairs violated her due process by deviating from Army Regulation 135-209, Section IV, 2-15 ("Regulation 135-209").[3]

---

[2] The complaint does not explicitly specify which entity assembled the QRB. The court assumes for purposes of this motion that the Pennsylvania Army National Guard established the QRB.

[3] Regulation 135-209 states that the convening authority may "[d]isapprove a part of or the whole report and require the board to reconsider some or all cases. This will occur if the board contains substantial administrative errors or procedural deficiencies that adversely affect those considered. The convening authority will give supplemental guidance to the board to correct deficiencies, or may appoint a new board, if necessary." (Doc. 1 ¶ 17 (emphasis omitted)).

On June 21, 2011, the Pennsylvania Department of Military and Veterans Affairs filed the instant motion (Doc. 3) to dismiss the complaint. The motion has been fully briefed and is ripe for disposition. (See Docs. 4, 11).

**II. Standard of Review**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Gelman v. State Farm Mut. Auto. Ins. Co., 583 F.3d 187, 190 (3d Cir. 2009) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)); see also Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice and pleading rules require the complaint to provide "the defendant notice of what the . . . claim is and the grounds upon which it rests." Phillips, 515 F.3d at 232 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint in the face of a Rule 12(b)(6) motion,

the court must conduct a three-step inquiry.  See Santiago v. Warminster Twp., 629 F.3d 121, 130-31 (3d Cir. 2010).  In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'"  Id. (quoting Ashcroft v. Iqbal, --- U.S. ---, 129 S. Ct. 1937, 1947 (2009)).  Next, the factual and legal elements of a claim should be separated; well-pleaded facts must be accepted as true, while mere legal conclusions may be disregarded.  Id.; see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).  Once the well-pleaded factual allegations have been isolated, the court must determine whether they are sufficient to show a "plausible claim for relief."  Iqbal, --- U.S. ---, 129 S. Ct. at 1950 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level").  A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, --- U.S. ---, 129 S. Ct. at 1949.  When the complaint fails to present a *prima facie* case of liability, however, courts should generally grant leave to amend before dismissing a complaint.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000).

### III.  Discussion

In the instant action, Krause alleges that the Pennsylvania Department of Military and Veterans Affairs violated her due process rights under the Fifth and Fourteenth Amendments of the United States Constitution.  The court finds that

Krause's claim against the Pennsylvania Department of Military and Veterans Affairs is barred by the Eleventh Amendment and is not cognizable under § 1983.

### A.   Eleventh Amendment

The Eleventh Amendment precludes suits "in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. The Supreme Court has held that the Eleventh Amendment also immunizes an unconsenting state from suits by its own citizens in federal court. See Tennessee Student Assistance Corp. v. Hood, 541 U.S. 440, 446 (2004) (citing Hans v. Louisiana, 134 U.S. 1 (1890)). In other words, the Eleventh Amendment prohibits federal courts from hearing suits by private parties against States and their agencies. See Alabama v. Pugh, 438 U.S. 781, 781 (1978). The type of relief sought is "irrelevant to the question whether the suit is barred by the Eleventh Amendment." Seminole Tribe of Florida v. Florida, 517 U.S. 44, 58 (1996) (citing Cory v. White, 457 U.S. 85, 90, (1982)). Two exceptions exist to the Eleventh Amendment's absolute jurisdictional bar: (1) Congressional abrogation of immunity pursuant to the Fourteenth Amendment and (2) waiver of immunity by the state. Koslow v. Pennsylvania, 302 F.3d 161, 168 (3d Cir. 2002). In addition, a private citizen may sue state officials in their official capacities for prospective injunctive relief under the "legal fiction of Ex parte Young, 209 U.S. 123, 159-60, 28 S.Ct. 441, 52 L.Ed. 714 (1908)." Id. (quotations and citations omitted).

The Eleventh Amendment clearly precludes Krause's claim. The Pennsylvania Department of Military and Veterans Affairs is an agency of the Commonwealth of Pennsylvania. See 51 PA. CON. STAT. § 703; Kise v. Pa. Dept. of Military and Veterans Affairs, 832 A.2d 987, 993-94 (Pa. 2003). The Pennsylvania Department of Military and Veterans Affairs is "responsible for the administration and supply of the Pennsylvania military forces" and has "general supervisory function of all matters pertaining thereto." 51 PA. CON. STAT. § 703. None of the exceptions to the Eleventh Amendment apply to this case. The Commonwealth of Pennsylvania has not waived its Eleventh Amendment immunity, 42 PA. CON. STAT. § 8521(b), Congress did not abrogate the Commonwealth's Eleventh Amendment immunity by enacting the Civil Rights of 1871, 42 U.S.C. § 1983, see Quern v. Jordan, 440 U.S. 332, 345 (1979), and Krause did not sue state officials in their official capacity for prospective injunctive relief.[4] Accordingly, the court will grant the motion (Doc. 3) to dismiss.

---

[4] Krause asserts that his claim is proper because he only seeks equitable relief. (See Doc. 11). The Ex parte Young doctrine permits suits by private citizens against *state officials* in their official capacities for prospective injunctive relief. Hindes v. F.D.I.C., 137 F.3d 148, 165–66 (3d Cir. 1998) (citing Ex parte Young, 209 U.S. 123 (1908)). The Pennsylvania Department of Military and Veterans Affairs is a *state agency*, not a state official. In fact, in Helfrich v. Pa. Dep't of Military Affairs—the case cited by Krause in support of her position—the Third Circuit affirmed the district court's dismissal of Pennsylvania Department of Military and Veterans Affairs pursuant to the Eleventh Amendment. 660 F.2d 88, 89-90 (3d Cir. 1981).

B.      **Section 1983**

Section 1983 of Title 42 of the United States Code offers private citizens a means to redress violations of federal law by state officials.  See 42 U.S.C. § 1983.  Section 1983 is not a source of substantive rights, but merely a method to vindicate violations of federal law committed by state actors.  Brown v. Pa. Dep't of Health Emergency Med. Servs. Training Inst., 318 F.3d 473, 477 (3d Cir. 2003).  To establish a claim, Krause must show a deprivation of a "right secured by the Constitution and the laws of the United States . . . by a *person* acting under color of state law."  Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996) (emphasis added).  A state agency is not a "person" under § 1983.  See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989).[5]  Thus, the court will grant the motion (Doc. 3) to dismiss.

---

[5] A state official acting in his or her official capacity is a "person" under § 1983 when sued for injunctive relief.  Will, 491 U.S. at 71 n.10.

**IV.**     **Conclusion**

For the foregoing reasons, the motion (Doc. 3) to dismiss is granted. The court will grant Krause leave to amend her complaint to state claims against proper defendants within thirty (30) days of entry of this memorandum and order.[6] An appropriate order follows.

>     S/ Christopher C. Conner
> CHRISTOPHER C. CONNER
> United States District Judge

Dated:     December 22, 2011

---

[6] In the Third Circuit, "leave to amend must be granted sua sponte before dismissing" the complaint in a civil rights action. Fletcher–Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 252 (3d Cir. 2007) (citations omitted).

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JANET M. KRAUSE,** | : | **CIVIL ACTION NO. 1:11-CV-1080** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| v. | : | |
| | : | |
| **PENNSYLVANIA DEPARTMENT OF MILITARY AND VETERANS AFFAIRS,** | : : : : | |
| | : | |
| **Defendant** | : | |

## **ORDER**

AND NOW, this 22nd day of December, 2011, upon consideration of the motion (Doc. 3) to dismiss filed by defendant, the Pennsylvania Department of Military and Veterans Affairs, and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The motion (Doc. 3) to dismiss is GRANTED.

2. Plaintiff Janet M. Krause is granted leave to file an amended complaint within thirty (30) days of entry of this order.


                                             S/ Christopher C. Conner  
                                             CHRISTOPHER C. CONNER  
                                             United States District Judge